01

02

03

04          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
05                  AT SEATTLE

06  IVY BYRD GAINES,                    )    CASE NO.    C08-0050-TSZ-MAT
                                        )                (CR03-496-TSZ)
07          Petitioner,                 )
                                        )
08      v.                              )    REPORT AND RECOMMENDATION
                                        )
09  UNITED STATES OF AMERICA,           )
                                        )
10          Respondent.                 )
    _____ )

11

12              INTRODUCTION AND SUMMARY CONCLUSION

13          Petitioner Ivy Byrd Gaines is a federal prisoner who is currently incarcerated at the United

14  States Penitentiary at Tucson, Arizona.  He has filed a motion pursuant to 28 U.S.C. §2255

15  seeking to vacate, set aside, or correct the sentence imposed upon him following his 2005 federal

16  conviction on charges of robbery, interfering with commerce by robbery, and using a firearm

17  during a crime of violence.  Respondent has filed an answer to petitioner's § 2255 motion, and

18  petitioner has filed a traverse to respondent's answer.  After careful consideration of petitioner's

19  motion, the briefs of the parties, and the balance of the record, this Court concludes that

20  petitioner's §2255 motion should be denied.

21                          BACKGROUND

22          On March 22, 2005, petitioner was convicted, following a jury trial, of ten counts of

REPORT AND RECOMMENDATION
PAGE -1

01   robbery or interfering with commerce by robbery, and eight counts of using a firearm during a

02   crime of violence.  (CR03-496-TSZ, Dkt. Nos. 83 and 84.)  On July 8, 2005, petitioner was

03   sentenced to a term of 595 days imprisonment on the robbery counts and to a consecutive term

04   of 182 years imprisonment on the firearms counts.  (*Id.*, Dkt. Nos. 93 and 94.)

05        Petitioner appealed his convictions and sentence to the United States Court of Appeals for

06   the Ninth Circuit.  ( *Id.*, Dkt. No. 95.)  On appeal, petitioner challenged the district court's

07   admission of show-up, line-up, and in-court witness identifications, the district court's admission

08   of a statement made by petitioner to a police officer following his arrest, the conduct of the

09   prosecutor during rebuttal argument, and the length of his sentence.  (*See* Dkt. No. 9, Ex. B.)  On

10   September 5, 2006, the Ninth Circuit affirmed petitioner's convictions and sentence.  (   *Id.*)

11   Petitioner thereafter filed a petition for writ of certiorari.  *See Gaines v. United States*, 127 S.Ct.

12   1022 (2007).  The United States Supreme Court denied the petition on January 8, 2007.  *Id.*

13        On January 14, 2008, this Court received for filing petitioner's motion to vacate, set aside,

14   or correct his sentence under 28 U.S.C. § 2255.  Petitioner identifies two grounds for relief in his

15   motion and his supporting papers:  (1) ineffective assistance of counsel; and, (2) prosecutorial

16   misconduct.  ( *See* Dkt. No. 1 at 4-5.)  Both of petitioner's claims appear to arise out of the

17   government's alleged failure to produce exculpatory evidence prior to petitioner's trial.  The

18   government filed a timely answer to petitioner's motion on March 3, 2008, and petitioner filed a

19   traverse to the government's answer on June 12, 2008. (Dkt. Nos. 9 and 12.)  The briefing is now

20   complete and petitioner's § 2255 motion is ripe for review.

21   / / /

22   / / /

REPORT AND RECOMMENDATION
PAGE -2

01 <u>DISCUSSION</u>

02 <u>Exculpatory Evidence</u>

03        Petitioner asserts in his § 2255 motion that he is entitled to a new trial because exculpatory

04 evidence was withheld during the discovery process which deprived petitioner of the ability to

05 present a complete and adequate defense.  Petitioner appears to fault his trial counsel for failing

06 to obtain the evidence, his appellate counsel for failing to pursue claims regarding the withheld

07 evidence on appeal, and the prosecution for failing to disclose the evidence.  The evidence at issue

08 is evidence which petitioner speculates is contained in files maintained by the FBI in its so-called

09 "I-drive" system.  Petitioner does not identify in his motion papers what information he believes

10 the FBI may have concerning his offenses in their "I-drive" system files.  He appears certain,

11 however, that such information exists and that it would be exculpatory.

12        The difficulty petitioner confronts in these proceedings is that in order to establish that he

13 is entitled to relief, he must provide the Court with more than just speculation and conclusory

14 allegations of harm.  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations

15 which are not supported by a statement of specific facts do not warrant habeas relief.").  For

16 example, in order to establish that his counsel rendered ineffective assistance, petitioner must

17 demonstrate that his counsel's performance fell below an objective standard of reasonableness *and*,

18 that he was prejudiced by counsel's alleged deficient conduct.  *See Strickland v. Washington*, 466

19 U.S. 668, 691-92 (1984).  While petitioner alleges that his trial counsel should have obtained

20 additional evidence to aid in petitioner's defense, and that his appellate counsel should have

21 pursued issues concerning the allegedly withheld evidence on appeal, the Court can make no

22 assessment of whether counsels' conduct was unreasonable or prejudicial without some showing

01  from petitioner as to the specific nature of the evidence he believes was withheld.

02      In order to establish that he is entitled to relief on his claim that the government withheld

03  exculpatory evidence in violation of its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963),

04  petitioner must establish that (1) the evidence was exculpatory or impeaching, (2) it should have

05  been, but was not produced and (3) it was material to his guilt or punishment.  *See Paradis v.*

06  *Arave*, 130 F.3d 385, 392 (9th Cir . 1997).  Again, without some showing from petitioner as to

07  the specific nature of the evidence he believes was withheld, this Court can draw no conclusions

08  as to whether the failure to produce such evidence entitles petitioner to the new trial he seeks.

09      Petitioner simply offers no specific facts which would allow this Court to properly evaluate

10  any of petitioner's claims regarding the allegedly withheld evidence.  Petitioner has submitted in

11  conjunction with his motion documents which are apparently intended to demonstrate that the FBI

12  has files in its possession which were never disclosed in petitioner's case.  (*See* Dkt. No. 1 at 34-

13  36.)  The documents discuss an FBI practice of screening investigatory documents and placing

14  only those which are approved by a supervisory agent in the official case file.  (   *Id.*)  Those

15  investigatory documents which are not approved are purportedly placed in a shared drive on FBI

16  field office computer networks, known internally as the "I-drive," and are not accessible even to

17  prosecutors who are responsible for locating and producing exculpatory evidence to the defense.

18  (*Id.*)

19      Assuming that the "I-drive" system does, in fact, exist, and that such a system has, on

20  occasion, resulted in the failure of the government to meet its *Brady* obligations in certain federal

21  prosecution, it remains incumbent upon petitioner to show that this is what happened in his case.

22

REPORT AND RECOMMENDATION
PAGE -4

01 Petitioner makes no such showing here.[1]  Accordingly, petitioner's claims relating to the "I-drive"

02 system files should be denied.

Prosecutorial Misconduct

04         Petitioner presents one additional claim in his § 2255 motion papers that is unrelated to

05 the "I-drive" system files.   Specifically, petitioner asserts that the prosecutor committed

06 misconduct by using the words "liar" and "lied" during closing argument.  The record before this

07 Court reveals that petitioner raised an identical claim on direct appeal of his conviction which was

08 rejected by the Ninth Circuit. (Dkt.  No. 9, Ex. B at 9.)  Claims that have already been raised on

09 direct appeal may not be raised in subsequent § 2255 motions absent a showing of manifest

10 injustice or a change in law. *Polizzi v. United States,* 550 F.2d 1133, 1135 (9th Cir. 1976), citing

11 *Kaufman v. United States*, 394 U.S. 217, 226-27 & n.8 (1969).  Petitioner makes no such showing

12 here.  Accordingly, this portion of petitioner's prosecutorial misconduct claim should also be

13 denied.

CONCLUSION

15         As none of petitioner's claims has merit, this Court recommends that petitioner's § 2255

16 motion be denied.  A proposed order accompanies this Report and Recommendation.

17         DATED this 17th day of July, 2008.

18

19                                                   Mary Alice Theiler
                                                     United States Magistrate Judge

20 _____

21         [1] As the government makes clear in its thorough and well-drafted answer to petitioner's
somewhat cryptic § 2255 motion, the evidence of petitioner's guilt was substantial.  It is difficult

22 to envision what type of evidence might have been contained in these purportedly hidden FBI files
which could have altered the actual outcome of petitioner's trial.

REPORT AND RECOMMENDATION
PAGE -5